UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LYNN OLSEN, d.b.a., OLSEN AGRIPRISES, | |
| Plaintiff, | Nos. CV-08-5012-FVS<br>CV-08-5013-FVS |
| and | |
| CARR FARMS LLC, | ORDER DENYING PLAINTIFFS'<br>MOTIONS FOR PARTIAL SUMMARY<br>JUDGMENT |
| Plaintiff, | |
| v. | |
| UNITES STATES OF AMERICA, et al., | |
| Defendants. | |

**THIS MATTER** came before the Court on Plaintiffs' motions for partial summary judgment on the issue of whether they were overpaid on their 2001 claims.  Plaintiffs are each represented by John G. Schultz, James A. McGurk, Kevin J. Brosch and Andrea J. Clare. Defendant is represented by Rolf H. Tangvald.

Following the June 23, 2009, initial hearing on the motions, the Court ordered additional oral argument.  Additional oral argument was heard on July 21, 2009.  Following oral argument, the Court requested that Defendant reduce its arguments to writing in the form of a

ORDER . . . - 1

supplemental brief and that Plaintiffs have an opportunity to respond to the supplemental brief.  The supplemental briefing and responses were filed in August.  The matter is now before the Court.

**BACKGROUND**

Both Plaintiffs, Lynn Olsen ("Olsen") and Carr Farms, LLC ("Carr"), owned and grew crops in 2001 and 2002.  Both Plaintiffs purchased crop insurance policies from American Growers Insurance Company ("AGIC") to protect against risks of loss with respect to their 2001 and 2002 crops.  Pursuant to the Federal Crop Insurance Act, 7 U.S.C. §§ 1501 *et seq.*, the Federal Crop Insurance Corporation ("FCIC") reinsured Plaintiffs' policies.  FCIC's reinsurance program is administered by the Risk Management Agency ("RMA").  7 U.S.C. § 6933.

In 2001 and 2002, both Plaintiffs suffered crop losses and sought recovery under the policies.  AGIC paid Olsen $1,671,633 on his claims for the 2001 crop year, but denied his claims for an additional $447,114 for his 2001 crop and denied his entire claim of $2,608,669 for his 2002 crop.  AGIC paid Carr $2,179,995 on claims for the 2001 crop year, but denied the entire claim of $2,345,336 for the 2002 crop.

Plaintiffs disagreed with AGIC's determinations of the claims and attempted to challenge the determinations by proceeding to arbitration.  After the arbitration proceedings were initiated, AGIC counterclaimed to recover portions of the payments which it had previously made to Plaintiffs.  On February 28, 2005, before the arbitration could go forward, the State of Nebraska liquidated AGIC.

ORDER . . . - 2

The Order of Liquidation provided that, "no actions at law or in equity or in arbitration, whether in this state or elsewhere, may be brought against AGIC, or its Liquidator, nor shall any existing actions be maintained or further presented after issuance of this Order of Liquidation . . . ."

Notwithstanding the foregoing, Plaintiffs continued to proceed with their arbitrations.  FCIC advised that it did not recognize the authority of an arbitrator, did not intend to arbitrate the matters, and would not be bound by arbitration decisions.  On September 20, 2005, and August 22, 2005, arbitration hearings were held in the Olsen and Carr cases.  The arbitrator for the Olsen proceeding substituted FCIC for AGIC.  The arbitrator ultimately awarded Olsen $477,114 for the 2001 crop year and $2,608,699 for the 2002 crop year.  The arbitrator appointed for the Carr arbitration proceeded against AGIC. The arbitrator ultimately awarded Carr $2,969,341.

FCIC refused to acknowledge the validity of either award. Plaintiffs thereafter filed an action to enforce the arbitration awards before this Court.  On March 10, 2008, this Court vacated the arbitration awards finding the arbitrators did not have jurisdiction over FCIC to conduct the arbitrations.  (*Olsen, et al. v. United States of America*, 06-CV-5020-FVS).

In addition to proceeding with the arbitration process, Plaintiffs also submitted their claims to FCIC for review.  On April 5, 2007, FCIC issued a revised final decision for Olsen indicating he had been overpaid on his 2001 claim.  FCIC issued a final decision on Carr's claims on May 9, 2007, finding that Carr had also been overpaid

ORDER . . . - 3

on its 2001 claim.  Both Plaintiffs filed administrative appeals with the National Appeals Division ("NAD").  On December 6, 2007, NAD upheld FCIC's determinations that Olsen was not entitled to indemnity payments on its 2001 and 2002 crop year claims and that Olsen was overpaid for crop year 2001.  On December 6, 2007, NAD additionally upheld FCIC's determinations that Carr was not entitled to payments on its 2001 crop year, had been overpaid for crop year 2001, and was entitled to only a portion of the 2002 crop year claim.  In February 2008, the NAD Director upheld NAD's December 6, 2007 determinations pertaining to Plaintiffs.  Each Plaintiff thereafter initiated the instant actions for judicial review challenging the agency's decisions under the Administrative Procedures Act ("APA").

On February 20, 2009, each Plaintiff filed a motion for partial summary judgment relating to the 2001 crop year for which alleged overpayments were made.  The Court heard oral argument on the motions on June 23, 2009.  Following oral argument, the Court requested additional oral argument on three specific areas: Paragraph 5(f) of the insurance policies, Mandatory Amendment No. 5 to the 1998 Standard Reinsurance Agreement, and how NAD otherwise had jurisdiction if the assignment agreement is not considered.  With respect to these three issues, additional oral argument was heard on July 21, 2009.  Following oral argument, the Court requested that Defendant reduce its arguments to writing and that Plaintiffs have an opportunity to respond.  Defendant's supplemental brief was filed on August 3, 2009.  Plaintiffs' responses were filed on August 17, 2009.

///

ORDER . . . - 4

**DISCUSSION**

**I.    Standard of Review**

This Court's review of administrative findings is governed by the APA, 5 U.S.C. §§ 701 *et seq.*  Under the APA, an agency action may be set aside only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  The Court must determine whether the agency "considered the relevant factors and articulated a rational connection between the facts found and the choices made."  *City of Sausalito v. O'Neill,* 386 F.3d 1186, 1206 (9th Cir. 2004) (citation omitted).  The Court is not empowered to substitute its judgment for that of the agency.  Rather, the Court must consider whether the decision was based on consideration of the relevant factors and whether there has been a clear error of judgment.  *Old Republic Ins. Co. v. Federal Crop Ins. Corp.,* 947 F.2d 269, 282 (7th Cir. 1991).

However, the issue presented in the motions currently before the Court involve Defendant's jurisdiction, an issue of law, not fact.  The Court is thus not required to review the administrative agency's factual determinations.  Accordingly, the Court finds that, for purposes of the instant motions, the "arbitrary and capricious" standard of review is not applicable.

**II.  Scope of Review**

Challenges that an agency exceeds its statutory authority are questions of law and thereby subject to *de novo* review.  *Sacks v. Office of Foreign Assets Control,* 466 F.3d 764, 770 (9th Cir. 2006); *see also, Bonneville Power Admin. v. F.E.R.C.,* 422 F.3d 908, 914 (9th

ORDER . . . - 5

Cir. 2005) ("We review *de novo* the question of whether an agency has exceeded its statutory mandate."). "[Courts] review questions of law, including an agency's determination of its own jurisdiction, *de novo*." *Reynoso-Cisneros v. Gonzales,* 491 F.3d 1001, 1002 (9th Cir. 2007).

On *de novo* review, a district court is able to conduct a much broader review, considering anew both the legal and factual aspects of a claim. *Thomas v. Oregon Fruit Products Co.,* 228 F.3d 991, 995 (9th Cir. 2000). The Ninth Circuit has determined that a district court, on *de novo* review, may also consider new or supplementary evidence under certain circumstances. For example, in *Friedrich v. Intel Corp.,* 181 F.3d 1105, 1111 (9th Cir. 1999), the Ninth Circuit found that a district court, when exercising *de novo* review of an Employee Retirement Income Security Act ("ERISA") benefits denial, may admit additional evidence when "'circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision.'" *Friedrich*, 181 F.3d at 1111 (quoting *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan,* 46 F.3d 938, 944 (9th Cir. 1995) (quoting *Quesinberry v. Life Ins. Co. of N. Am.,* 987 F.2d 1017, 1025 (4th Cir. 1993) (en banc))). Also, in *Huntsinger v. The Shaw Group, Inc.*, 268 Fed.Appx. 518, 520-521 (9th Cir. 2008), the Ninth Circuit held that a district court did not exceed the scope of *de novo* review by considering supplementary evidence as grounds for affirming a plan administrator's decision to deny a benefits claim.

Here, the Court finds the issue presented is a threshold legal question, an objection to the agency's jurisdiction to review whether

ORDER . . . - 6

Plaintiffs had been overpaid by AGIC on their 2001 claims. Accordingly, the appropriate standard of review is *de novo*.  On *de novo* review, the Court may consider new or supplementary evidence if the Court finds the circumstances necessitate the introduction of such evidence for an adequate review.  The Court finds that such circumstances exist in this case.  The Court will thus review all evidence presented, not just the administrative record, in its consideration of the jurisdictional issue presented in these cases.

**III. Motions for Partial Summary Judgment**

In Plaintiffs' motions for partial summary judgment, Plaintiffs address only the issue of the alleged overpayments made by AGIC in 2001 and not issues pertaining to the denial of their indemnity claims for crop years 2001 and 2002.  With respect to the overpayment issue, Plaintiffs argue that (1) FCIC had no legal right to revise claim determinations made under a private contract of insurance that FCIC was not a party to; and (2) NAD lacked jurisdiction over the issue of whether Plaintiffs had been overpaid by AGIC.

**A.   FCIC's Authority to Revise Claim Determinations**

Plaintiffs assert that FCIC was not in privity with Plaintiffs; therefore, FCIC had no contractual right to seek any overpayments from Plaintiffs.  The policies issued by AGIC to Olsen and Carr were agreements of insurance exclusively between AGIC and Olsen and Carr. FCIC was not a party to the private contracts of insurance between AGIC and Plaintiffs, made no payments to either Plaintiff, and thus had no right to seek repayment for the amounts AGIC allegedly overpaid Plaintiffs.

ORDER . . . - 7

Defendant initially responded that Plaintiffs' motions should be rejected for two reasons. First, Defendant argued that Plaintiffs have waived such contentions, because Plaintiffs never raised these issues in the administrative proceedings. Defendant contends that Plaintiffs cannot raise arguments before this Court which they never asserted before the agency or NAD. *Sims v. Apfel*, 530 U.S. 103, 114, 120 S.Ct. 2080, 2087, 147 L.Ed.2d 80 (2000) ("Under ordinary principles of administrative law, a reviewing court will not consider arguments that a party failed to raise in timely fashion before an administrative agency." (Breyer, J., dissenting); *see also Mahon v. U.S. Dept. of Agriculture*, 485 F.3d 1247, 1254-1257 (11th Cir. 2007) (arguments not raised at the administrative level in a NAD appeal proceeding are waived).

Second, Defendant argued that Plaintiffs' allegations that FCIC had no authority to pursue overpayments for crop year 2001 nor to collect on such overpayments is inconsistent with the evidence of record. Defendant contends, contrary to Plaintiffs' assertions, FCIC had every right, by agreement and assignment, to pursue any action that AGIC could have pursued. Defendant directs the Court's attention to a January 23, 2003 agreement entitled the "Mandatory Amendment No. 5 to the 1998 Standard Reinsurance Agreement" between AGIC and FCIC. This agreement set forth additional provisions that would apply should AGIC be dissolved. In relevant part, the agreement states at page 2, section 3(a) as follows:

> The Company assigns to FCIC all of its rights of action to recover any funds improperly paid under any eligible crop insurance contract reinsured under the 2003 or previous Agreements. . . .

ORDER . . . - 8

(Ct. Rec. 36-2).  Defendant argued that since AGIC was pursuing overpayments made to Plaintiffs at the time that it was dissolved, FCIC had the right, by way of the aforementioned agreement and assignment, to make their own determinations and seek collection of the amounts overpaid.

At the initial hearing on the motions, Defendant raised a third argument.  Defendant claimed that paragraph 5(f) of the insurance contracts between AGIC and the insured permitted FCIC to reduce the insured's claim at any time it became clear that the claim was incorrect or not supported.

### 1.  Waiver

As noted above, the issue presented in these cases is a challenge to the agency's jurisdiction to review whether Plaintiffs had been overpaid by AGIC on their 2001 claims.  Objections to jurisdiction can be raised at any time and are never waived.  *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 95 (1998) ("[E]very federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review" (internal quotation marks and citations omitted)).  While administrative exhaustion requirements are "not jurisdictional but [are] merely [ ] condition[s] precedent to suit which a defendant may waive or be estopped from asserting" *Stache v. Int'l Union of Bricklayers,* 852 F.2d 1231, 1233 (9th Cir. 1988), subject matter jurisdiction may be raised at any time during the pendency of an action, even on appeal, and are never waived.  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); Fed. R. Civ. P. 12(h)(3) (the

Court must dismiss an action if it determines at any time that it lacks subject-matter jurisdiction).  Consequently, the Court finds that Defendant's argument that Plaintiffs waived the right to assert a lack of jurisdiction by failing to raise the claim during the administrative proceeding is without merit.

### 2.   Assignment Agreement

Although AGIC and the insured were the only parties to the insurance contracts (*Olsen, et al. v. United States of America*, 06-CV-5020-FVS; Ct. Rec. 61 at 5-6), FCIC retained a right, by agreement and assignment to pursue actions against Plaintiffs that AGIC could have pursued.  As indicated above, on January 23, 2003, an agreement entitled the "Mandatory Amendment No. 5 to the 1998 Standard Reinsurance Agreement" between AGIC and FCIC was signed which set forth additional provisions that would apply should AGIC be dissolved. At the time of AGIC's dissolution, the crop year 2001 amounts and overpayments were at issue and, as evidenced above, FCIC received an assignment from AGIC to purse "rights of action to recover any funds improperly paid under any eligible crop insurance contract reinsured under the 2003 or previous Agreements."  Although this document was not a part of the administrative record, this evidence is appropriately before the Court on *de novo* judicial review.  *See supra*. Accordingly, FCIC obtained AGIC's rights, by this assignment agreement, to pursue recovery of alleged overpayments for the 2001 crop year claims.

///

///

ORDER . . . - 10

### 3.    Paragraph 5(f)

The insurance policy states in the first paragraph of the document, "[i]n the event we cannot pay your loss, your claim will be settled in accordance with the provisions of this policy and paid by FCIC."  Defendant argues that once AGIC was placed in liquidation, the policies were transferred to FCIC pursuant to this "cut-through provision" and the Standard Reinsurance Agreement, and FCIC thereafter acquired the authority to administer the policy in accordance with its terms.  Defendant asserts that Paragraph 5(f)[1] of the insurance policy provided authority for FCIC to review Plaintiffs' approved adjusted gross revenue ("AGR") and determine whether it was calculated correctly.  In accordance with Paragraph 5(f), FCIC determined that Plaintiffs' approved AGR was calculated incorrectly and that Plaintiffs were required to repay the amount of the overpayment made by AGIC.

The "cut-through provision" in the insurance policy provides that the insured's claim would be addressed by FCIC, in a manner proscribed by the policy, in the event AGIC became unable to administer the claim.  Therefore, when AGIC was placed in liquidation, the claims were transferred to FCIC to administer in accordance with the terms of the policy.  Paragraph 5(f) of the policy indicates that the claim could be reduced at any time if found to be incorrect.  FCIC, having taken over the administration of Plaintiffs' claims pursuant to the

---

[1]Paragraph 5(f) states that "[w]e will reduce your approved AGR and any indemnity or deny liability at any time we become aware that the information used to determine your approved AGR is incorrect or is not supported by written verifiable records."

ORDER . . . - 11

"cut-through provision," acted pursuant to Paragraph 5(f) and found that Plaintiffs' approved AGRs were calculated incorrectly and that Plaintiffs were required to repay the amount of the overpayment made by AGIC.

The Court finds that Paragraph 5(f) of the policy agreement, in conjunction with the cut-through provision, as well as the assignment agreement, authorized FCIC to revise Plaintiffs' claim determinations and seek the alleged overpayments.

**B.   NAD Jurisdiction to Review**

Plaintiffs next argue that the decisions by AGIC to make payments to Plaintiffs in 2001 are decisions which NAD had no jurisdiction to review.  Plaintiffs assert that the USDA's own regulations expressly preclude NAD review of payments made by private insurers to their insured.  7 C.F.R. § 400.91(b)(2).[2]

Defendant responds that Plaintiffs' arguments are flawed. Specifically, Defendant asserts that AGIC's determinations were not administratively adjudicated.  Rather, the decisions of FCIC were administratively considered.  Defendant agrees with Plaintiffs that Subpart J of the Act does not apply to determinations made by AGIC. However, Subpart J does provide for administrative review of "adverse decisions made by personnel of [FCIC] with respect to . . . [c]ontracts of insurance of private insurance companies and reinsured by FCIC."  7 C.F.R. § 400.91(a)(1)(ii).  Here, Defendant contends the

---

[2]It is undisputed that Subpart J is not applicable to decisions made by private insurance companies (AGIC) with respect to any contract of insurance issued to an insured (Plaintiffs) and reinsured by FCIC.  7 C.F.R. § 400.91(b)(2).

ORDER . . . - 12

administrative review process reviewed FCIC's determinations regarding the 2001 indemnity amounts and overpayment issues, not AGIC's, and such determinations are properly reviewable under Subpart J of the Act.

### 1.    Assignment Agreement

A general principle of assignment provides that the assignee steps into the shoes of the assignor upon assignment of the interest and takes the assignment subject to the defenses assertable against the assignor.  Restatement (Second) of Contracts § 336 (1981); *see also*, 29 Williston on Contracts § 74:47 (4th ed. 2003) ("It has been held repeatedly that the assignee 'stands in the shoes' of the assignor . . . .").  Accordingly, FCIC's rights, as an assignee, can be no different than AGIC's rights as the assignor.  By the assignment agreement, FCIC obtained the right to pursue claims of overpayment against Plaintiff but could do so only in a manner prescribed in the contract of insurance between AGIC and Plaintiffs.

Paragraph 13(a) of the insurance contracts provides that factual disagreements between the insured and AGIC will be resolved through arbitration.  As AGIC's assignee, FCIC had the right to bring an action to pursue overpayments by asserting claims through the arbitration process.  FCIC resisted participation in the arbitrations brought by Plaintiffs and have thus forfeited that venue for potential recovery.

The Court finds that any argument that the assignment agreement conferred jurisdiction for NAD review lacks merit.  Based on
///

ORDER . . . - 13

1    Defendant's attorney's comments at oral argument, it appears this

2    argument was abandoned in any event.

3              **2.    FCIC Determinations**

4         When AGIC was placed in liquidation, Plaintiffs' claims were

5    transferred to FCIC to administer in accordance with the terms of the

6    policies pursuant to the "cut-through provision".  Pursuant to

7    Paragraph 5(f) of the insurance policies, FCIC, acting as the

8    administrator of the claims, found that Plaintiffs' approved AGRs were

9    calculated incorrectly and that Plaintiffs were required to repay the

10   amount of the overpayment made by AGIC.  As indicated above, FCIC was

11   authorized to make these determinations.  *Supra*.

12        Here, NAD reviewed determinations regarding the 2001 indemnity

13   amounts and overpayment issues made by FCIC, not AGIC.  Such

14   determinations are appropriately reviewed under Subpart J of the Act.

15   7 C.F.R. § 400.91(a)(1)(ii).[3]  Paragraph 13(a) of the insurance

16   contracts also expressly provides that factual disagreements as to

17   decisions made by FCIC must be resolved through the administrative

18   appeal process, and not through arbitration.  Moreover, Plaintiffs

19   requested NAD review of these FCIC determinations.  Based on the

20   foregoing, it is clear that NAD had jurisdiction to review the issue

21   of whether Plaintiffs had been overpaid by AGIC.

22   ///

23   _____

24        [3]While it is undisputed that Subpart J of the Act does not
     apply to determinations made by AGIC, Subpart J does provide for
25   administrative review of "adverse decisions made by personnel of
     [FCIC] with respect to . . . [c]ontracts of insurance of private
26   insurance companies and reinsured by FCIC."  7 C.F.R. §
     400.91(a)(1)(ii).

     ORDER . . . - 14

        While the assignment agreement does not bestow jurisdiction for
NAD review, FCIC acquired the authority to administer the insurance
policy pursuant to the "cut-through provision" of the policy and the
Standard Reinsurance Agreement and made determinations under Paragraph
5(f) of the policies.  Because these decisions were made by FCIC, not
AGIC, the matters were appropriately reviewed by NAD under Paragraph
13(a) of the insurance contracts.  Therefore, the Court concludes that
NAD had jurisdiction to decide whether Plaintiffs had been overpaid by
AGIC.

        **C.    Counterclaims**

        At the supplemental oral argument on the motions and in
Defendant's supplemental briefing, Defendant also raises a new theory
regarding jurisdiction.  Defendant argued that this Court has
jurisdiction over the issue of the alleged overpayments by virtue of
Defendant's counterclaims in this lawsuit.  Defendant asserts that
this Court has two lawsuits before it.  One is an APA review of the
agency determinations regarding what indemnity Plaintiffs are due for
2001 and 2002.  The other is the counterclaims brought by Defendant
seeking recovery from Plaintiffs.  Defendant claims that the
counterclaims are separate suits and this Court has jurisdiction over
the counterclaims pursuant to 28 U.S.C. §§ 1345 and 1346(c).

        Plaintiffs have not moved to dismiss Defendant's counterclaims in
the instant motions.  Plaintiffs have simply argued that (1) FCIC did
not, as a matter of law, have authority to revise the claim
determinations made by AGIC, and (2) NAD lacked jurisdiction over the
issue of whether Plaintiffs had been overpaid by AGIC.  As indicated

above, the Court finds that (1) FCIC did have authority to revise the claim, and (2) administrative review of the claims by NAD was appropriate.  The Court finds it unnecessary to address Defendant's counterclaim jurisdictional argument.

**IT IS HEREBY ORDERED:**

1.    Plaintiff Lynn Olsen's motion for partial summary judgment (**Ct. Rec. 23, 08-CV-5012-FVS**) is **DENIED**.

2.    Plaintiff Carr Farms, LLC's motion for partial summary judgment (**Ct. Rec. 20, 08-CV-5013-FVS**) is **DENIED**.

3.    These mattes shall proceed to the hearings on the cross-dispositive motions currently set for November 10, 2009 at 1:30 p.m. in Spokane, Washington.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order in each case (**08-CV-5012-FVS** & **08-CV-5013-FVS**) and furnish copies to counsel.

**DATED** this   30th   day of September, 2009.

_____S/Fred Van Sickle_____
Fred Van Sickle
Senior United States District Judge

ORDER . . . - 16